

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:11-cv-00394-FDW-DSC

| | |
|---|---|
| PATRICK COLLINS, INC., <br> Plaintiff <br><br> V. <br><br> John Does 1-26 <br> Defendants | MOTION TO SEVER FROM IMPROPER JOINDER AND QUASH OR MODIFY SUBPOENA |

Comes now defendant Doe #2 and moves this court to sever the claim against Doe No. 2 and quash subpoena to defendant's ISP (AT&T) issued by this Court on August 25, 2011.

## FACTS

Plaintiff's complaint, filed on August 15, 2011 alleges that Doe defendants 1-26 are jointly and severally liable for copyright infringement because they used a BitTorrent client software to illegally download or upload the same adult movie file. Plaintiff alleges in paragraph 32 that "each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions," and asserts in paragraph 39 that "each Defendant was part of the same series of transactions." Plaintiff identifies 26 unique internet protocol (IP) addresses alleged to have infringed upon the copyrighted work over for a period of time beginning on May 19, 2011 (Doe #1) to June 25, 2011 (Doe #16).

1

## INTRODUCTION

This case is part of an effort to further a business model using weak allegations of copyright infringement and to extract settlements from Defendants fear of public humiliation and expensive litigation. On October 5, 2011, the Honorable Judge John Gibney, Jr. in the U.S. District Court for the Eastern District of Virginia ordered all defendants severed and subpoenas quashed (Def. Ex. 1, 4 - 5), stating:

> This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits.
>
> The plaintiffs' conduct in these cases indicates an improper purpose for the suits. In addition, the joinder of unrelated defendants does not seem to be warranted by existing law or a non-frivolous extension of existing law.

*K-Beech, Inc., v.s John Does 1 – 85* Case No. 3:11-cv-00469 (E.D. VA Oct. 5, 2011)

Additionally, Judge Gibney ordered the plaintiff and counsel to show cause why the conduct did not violate Rule 11(b). The Court should note that Plaintiff has

Judge Beeler of the District Court of Northern California directly rebuked plaintiff Patrick Collins, Inc. (the same plaintiff as action before this court) in response to an order to show cause:

> [t]he court has no confidence that Plaintiff has been diligent in moving to name and serve defendants, despite its (unsworn) claims to the contrary. For example, Plaintiff's counsel states that he has filed ten other copyright cases involving a large number of Doe defendants. ECF No. 17 at 4. The court reviewed the dockets and noted that the plaintiffs in these cases have not filed proof of service for even a single defendant even though a number of defendants have been identified and dismissed after settling with the plaintiffs. *See, e.g., Media Products, Inc. DBA Devil's Film v. Does 1-1257*, Case No.

CV 10-04471 RS (complaint filed onOctober 4, 2010 and no proof of service filed for any defendant as of July 29,2011, but four Doe defendants have been dismissed after settling). This patternholds true in this case too. Here, Plaintiff has not identified or served any of the 1,219 Doe Defendants. However, on May 10, 2011, Plaintiff filed a stipulation dismissing with prejudice a Doe Defendant who settled with Plaintiff. ECF No. 13 at 1. And, on August 18, 2011, Plaintiff filed a stipulation dismissing withprejudice more than thirty Doe Defendants who setttled. ECF No. at 1-2. Theplaintiffs in these cases appear content to force settlements without incurring any of the burdens involved in proving their cases. And, while the courts favorsettlements, "filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for." *IO Group, Inc. v. Does 1-435*, No. C10-4382 SI, 2011 WL 445043, at *6 (N.D. Cal. Feb. 3, 2011). Order Dismiss. Comp. Patrick Collins, Inc, v. Does 1-1,219 Case 4:10-cv-04468-LB Dkt No. 27(D. Cal. 2011) 08/29/11.

While copyright infringement is a legitimate threat it does not justify the use of the legal system as a means to gather identifying information for the purpose of coercing payment from defendants. This business model is made more obvious by the very low number of actions actually filed relative to the number of defendants claimed.[1]

## PLAINTIFF FAILED TO ALLEGE SUFFICIENT COMMONALITY FOR JOINDER

Under Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) is designed to promote judicial economy and trial convenience. *See Mosley v. Gen. Motors*, 497 F.2d 1330, 1332-33 (8th Cir. 1974).

Plaintiff has failed to demonstrate any right to relief against the defendants arising from the same transaction, occurrence, or series of transactions or occurrences. The mere allegation

---

[1] As of August 2011, more than 136,000 Does claimed as Defendants in such actions, however, the number of actual copyright infringement actions commenced was less than 100. See *Wired Magazine's* spreadsheet prepared from existing federal court data at: http://www.wired.com/images_blogs/threatlevel/2011/03/spreadsheet-fslit-current-V1.2.01.xls.

- 3 -

that defendants copied or reproduced the work over a period of thirty-seven days is not sufficient to meet the standards of joinder set forth in Rule 20. In a decision from the United States District Court for the Northern District of California, Judge Spero writes:

> Under the BitTorrent Protocol, it is not necessary that each of die Does 1-188 participated in or contributed to the downloading of each other's copies of die work at issue—or even participated in or contributed to die downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or *to any of the potentially thousands who participated in a given swarm.* The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world . . . Indeed, Plaintiff concedes that while the Doe Defendants may have participated in the same swarm, they may not have been physically present in the swarm on the exact same day and time.

*Hard Drive Productions, Inc. v. Does 1-188,* No. C-11-01566, 2011 U.S. Dist. LEXIS 94319, at *39-40 (N.D. Cal. August 23, 2011) (internal quotation marks omitted).

In another case brought by Plaintiff, Judge John Preson Bailey of the Northern District of West Virginia ordered Doe defendants severed, quoting *BMG Music v. Does 1-203*, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004). (Def. Ex. 2, p. 3)

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed.

Mass joinder of individuals in BitTorrent or other peer to peer sharing networks has been reviewed and roundly rejected by the Courts. See also *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782, at 2 (holding improper joinder although defendants were alleged to have disseminated the plaintiffs' copyrighted works through the same P2P network); *Elektra Entertainment Group, Inc. v Does 1-9,* 2004 U.S. Dist. LEXIS 23560, 2004 WL 2095581, at 1 (finding the mere use of the same P2P protocol was insufficient to establish the plaintiff's

- 4 -

copyright infringement claims were logically related for purposes of Rule 20(a)(2)); *Fonovisa, Inc. v. Does 1-9,* 2008 U.S. Dist LEXIS 27170, 2008 WL 919701 (finding joinder improper because of the different factual contexts of the alleged infringement for each defendant and absence a showing of any evidence showing joint action by defendants, other than their use of the same P2P network to access copyrighted recordings); *Hard Drive Productions, Inc. v. Does 1-188,* 2011 U.S. Dist. LEXIS 94319 (holding joinder of Doe Defendants improper based on alleged us on Bittottent protocols; *Diabolic Video Productions v. Does 1-2,099,* 2011 U.S. Dist. LEXIS 58351, 10 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (held that the nature of the BitTorrent protocol does not make joinder appropriate where defendants allegedly used BitTorrent to infringe copyrighted works. *IO Group v. Does 1-19,* 2010 U.S. Dist. LEXIS 133717, *8-9 (N.D. Cal. Dec. 7, 2010). (Holding that the "only factual allegation connecting the defendants" – the allegation that they all used the same peer-to-peer network to reproduce and distribute the plaintiff's copyrighted work – was insufficient for joinder of multiple defendants under Rule 20.); *IO Group, Inc. v. Does 1-435,* 2011 U.S. Dist. LEXIS 14123, *15-16 (N.D. Cal. Feb. 3, 2011). *Lightspeed v. Does 1-1,000,* 2011 U.S. Dist LEXIS 35392 (N.D. Ill. March 31, 2011) (plaintiff alleged that the defendants illegally reproduced and distributed its copyrighted works over the Internet through BitTorrent, the court severed defendants because of improper joinder.) *Boy Racer v. Does 1-71,* 2011 U.S. Dist. LEXIS 57975 (Grewal, M.J.) (N.D. Cal. May 31, 2011). (Severed for improper joinder based on peer-to-peer architecture identical to BitTorrent protpocals); *Boy Racer v. Does 1-52,* 2011 U.S. Dist. LEXIS 58345 (Grewal, M.J.) (N.D. Cal. May 31, 2011) (same).

In *Hard Drive Productions v. Does 1-188* Case No. C-11-01566 (N.D. Cal (August 23, 2011) (Exhibit F) the court found that "under the BitTorrent protocol, it is not necessary that

each of the Does 1-188 participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were a part of the downloading by unknown hundreds or thousands of individuals across the country or across the world." *Id.* at 18. The court then exercised its discretion and severed all but a single defendant. It found that allowing the defendants to be joined would undermine judicial economy, lead to multiple mini-trials, require each of the defendants to serve the others with all pleadings and each would have the right to be at each other's depositions. *Id.* at 19. The court noted that plaintiff's allegation that "all Doe Defendants meet Rule 20(a) joinder requirements is speculative and conclusory."

## CONCLUSION

While Plaintiff has the right to seek legal remedies for alleged copyright infringement, this must be balanced with the need to abide by basic procedures and due process requirements. The improper joining of 26 defendants raises serious questions regarding individual fairness and individual justice. Previous courts have noted the use of these cases as a means of obtaining personal information for the purposes of extracting settlements without the burden of having to prove guilt or innocence. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here. Furthermore, Plaintiff's own exhibit (Ex. 1) undermines the notion of joinder given that the alleged infringements occurred on different days on five different ISPs.

- 6 -

Case 3:11-cv-00394-FDW-DSC   Document 11   Filed 10/11/11   Page 6 of 7

Plaintiff fails to show that claims against each Doe Defendant arose out of the same transaction, occurrence, or series of transactions or occurrences, and therefore, Defendant respectfully requests that defendants be severed and the subpoena quashed.

Respectfully submitted this the _6th_ day of _October_, 2011

/s/John Doe#2
John Doe #2
*Pro Se*
DEFENDANT