RECEIVED
CHARLOTTE, N.C.
OCT 26 2011
Clerk, U. S. Dist. Court
W. Dist. of N. C.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:11-cv-00394-FDW-DSC

| | |
|---|---|
| PATRICK COLLINS, INC., <br> Plaintiff <br><br> V. <br><br> John Does 1-26 <br> Defendants | NOTICE OF FILING SUPPLEMENTAL AUTHORITY REGARDING JOINDER BEING IMPROPER |

PLEASE TAKE NOTICE, in addition to his Memorandum Order severing defendants and quashing subpoenas in *K-Beech, Inc., v John Does 1 – 85* Case No. 3:11-cv-00469 (Doc. 11, PP 1 - 6), Judge John A. Gibney Jr. issued an identical order in suit brought by Plaintiff alleging infringement of the same work (Cuties 2) against multiple Doe defendants (*Patrick Collins v. John Does 1-58*, Case No. 3:11-cv-00531, 2011, U.S. Dist. E.D.Va). Judge Gibney quoted Judge W. Earl Britt from the District Court of Eastern North Carolina *Laface Records, LLC v. Does 1-38*, No. 5:07-CV-298, previously submitted by Plaintiff (Document 4-2, page 6), stating "…merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." In both cases, Judge Gibney ordered plaintiffs to show cause why conduct described in the order does not violate Rule 11(b). The hearing on sanctions has been set for December 1, 2011.

Additionally, on October 17, 2011, in *Hard Drive Productions, Inc. v. John Does 1-30*, No. 11-cv-00345, (U.S Dist. Court of E. VA), United States Magistrate Judge Tommy Miller, in the Eastern District of Virginia, Norfolk Division, severed defendants and ordered counsel to

show why all materials gained through the Rule 45 subpoenas should not be suppressed. Magistrate Judge Miller noted the number of nearly identical cases in which defendants have been contacted by plaintiffs demanding money to end the litigation. Magistrate Judge Miller noted

> " the mere allegations that Doe Defendants have used the same peer-to-peer network to copy and reproduce videos is insufficient to meet the standards of joinder."

*Hard Drive Productions, Inc. v. John Does 1-30,* No. 11-cv-00345, U.S Dist. Court of E. VA quoting *Millenium TGA, Inc. v. Does 1-21*, No. 11-2258, 2011 U.S. Dist.LEXIS, at *6-7 (N.D. Cal. May 12, 2011).

These cases further underscore that Plaintiff has failed to meet its burden, set forth in Fed. R. Civ. P. 20, to define proper joinder. Subsequently, Defendant should be severed and the subpoena to Defendant's ISP (AT&T Internet Services) should be quashed.

Respectfully submitted this the _24th_ day of _October_, 2011

/s/John Doe#2
John Doe#2
*Pro Se*
DEFENDANT
Johndoenum2@gmail.com

## PROOF OF SERVICE

I hereby certify that on October 24th, 2011, I caused the foregoing document to be served on the following by U.S. Mail.

James C. White
4819 Emperor Blvd., Suite 400
Durham, NC 27703

/s/John Doe#2
John Doe#2
Johndoenum2@gmail.com